IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LIEBB, | ) No. C 04-4214 CW (PR) |
| Petitioner, | ) ORDER GRANTING RESPONDENT'S |
| v. | ) MOTION TO DISMISS PETITION AS ) UNTIMELY |
| JILL BROWN, Warden, | ) |
| Respondent. | ) (Docket no. 16) |

Petitioner Stephen Liebb, a state prisoner incarcerated at San Quentin State Prison (SQSP), filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to have expunged from his prison records his 1989 Rules Violation Report (RVR) for fighting with an inmate (Fighting RVR), for which he was found guilty. Petitioner claims that the expungement of this document "will remove a purported 'reason' to find him unsuitable for parole or rescind a finding of parole when it is subjected to [the] governor's review." (Am. Pet. at 2.)

Before the Court is Respondent's motion to dismiss the present petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner opposes the motion, and Respondent filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss.

BACKGROUND

The California Department of Corrections and Rehabilitation (CDCR) issued the Fighting RVR after prison officials identified

Petitioner as the aggressor in a fight with inmate Lopez on March 26, 1989. (Pet'r Ex. A, RVR 81677 dated Mar. 26, 1989.) Petitioner was found guilty at his disciplinary hearing on March 31, 1989 and assessed a ninety-day credit loss. (Id.)

One hour after the incident involving Petitioner and inmate Lopez, inmate Leabow was fatally assaulted. (Pet'r Ex. D.) Prison officials suspected that Petitioner conspired with other inmates to have inmate Leabow killed. (Pet'r Ex. B.) On May 12, 1989, the CDCR forwarded the matter to the district attorney's office. (Id.) Petitioner was placed in administrative segregation pending an investigation by the district attorney. (Id.)

On April 12, 1990, the CDCR issued another RVR officially charging Petitioner with conspiracy to kill inmate Leabow (Conspiracy RVR). (Resp't Ex. 4(G), RVR 92314 dated Apr. 12, 1990.) On May 3, 1990, Petitioner filed a state habeas petition with the Solano County Superior Court. (Pet'r Ex. E.) On May 9, 1990, the superior court issued a temporary restraining order prohibiting the CDCR from conducting administrative hearings relating to the Conspiracy RVR. (Opp'n Attach. 1.) On September 17, 1990, the superior court issued an order prohibiting such hearings while Petitioner remained a suspect in the district attorney's ongoing investigation. (Pet'r Ex. E at 2-3.) On September 12, 1991, the CDCR dismissed the Conspiracy RVR after finding Petitioner not guilty of the charges. (Resp't Ex. 4(G), RVR 92314 dated April 12, 1990.)

After the Conspiracy RVR was dismissed, Petitioner claims that SQSP Correctional Counselor II Vaught told him that the Fighting

RVR would be removed from his file. (Opp'n at 2.) Petitioner alleges that in 1990 and 1991, he "file[d] appeals on the retention of the Rules Violation Report Log # 81677 [Fighting RVR] in his Central File. . . ." (Id. (brackets added).) He claims that he "received no response to these appeals." (Id.)

In June, 1998, Petitioner wrote a letter to the warden requesting that the Fighting RVR and the documents relating to the Conspiracy RVR be expunged from his central file. (Pet'r Ex. G, Letter to SQSP Associate Warden.) On June 29, 1998, the warden directed Petitioner to submit his claim through the administrative appeals process. (Pet'r Ex. G, Response from Associate Warden A.P. Kane dated June 29, 1998.)

On June 26, 1998, while waiting for the warden's response, Petitioner filed a 602 inmate appeal seeking the expungement of his Fighting RVR (Pet'r Ex. G, 602 appeal dated June 26, 1998.) On July 2, 1998, his appeal was screened out as untimely pursuant to Title 15 of the California Code of Regulations § 3084.6(c), which states: "An inmate . . . must submit the appeal within 15 working days of the event or decision being appealed, or receiving an unacceptable lower level appeal decision." (Pet'r Ex. G, Permanent Appeal Attachment dated July 2, 1998.) Petitioner did not pursue this appeal to the next level in the administrative appeals process.

On December 27, 2002, Petitioner was granted an Olsen review in order to prepare for his July 17, 2003 parole suitability hearing. (Resp't Ex. 6, Memorandum for Second Level Appeal log no. 03-3277 dated Dec. 8, 2003 at 4.) An Olsen review is an

administrative procedure which allows an inmate to review his central file.  Petitioner had been granted previous <u>Olsen</u> reviews on December 2, 1991, May 8, 1996 and March 1, 1989.  (Resp't Ex. 6, Memorandum for Second Level Appeal log no. 03-3277 dated December 8, 2003 at 4.)

    On January 2, 2003, Petitioner filed a 602 inmate appeal alleging that during his December 27, 2002 <u>Olsen</u> review he discovered his Fighting RVR and documents related to his Conspiracy RVR in his central file, which "impact [his] protected liberty interest in parole" and requested that they be removed.  (Resp't Ex. 6, 602 appeal dated Jan. 2, 2003.)  This appeal was barred as untimely on January 6, 2003.  (<u>Id.</u>, Permanent Appeal Attachment dated Jan. 6, 2003.)

    On June 10, 2003, Petitioner filed a state habeas petition in the Marin County Superior Court.  (Resp't Ex. 4, State Habeas Petition dated June 10, 2003.)  On September 2, 2003, his petition was denied for failure to exhaust administrative remedies.  (Resp't Ex. 6, Marin County Superior Court decision dated Sept. 2, 2003.)

    On September 18, 2003, the California Court of Appeal denied Petitioner's state habeas petition stating, "The petition and documents appended thereto fail to demonstrate petitioner's exhaustion of the inmate appeal process."  (Resp't Ex. 6, Court of Appeal decision dated Sept. 18, 2003 (citation omitted).)

    On October 22, 2003, Petitioner filed another 602 appeal requesting that the Fighting RVR and any documents relating to the Conspiracy RVR be removed from his central file.  (Resp't Ex. 2, 602 appeal log no. 03-3277 dated Oct. 22, 2003.)  On the same date,

4

his appeal was denied as untimely at the informal level. (Id.) On October 26, 2003, Petitioner filed a formal level appeal, which was denied as untimely on November 25, 2003. (Id.) On November 11, 2003, Petitioner filed a second level appeal, which was denied on December 8, 2003. (Resp't Ex. 2, Second Level Appeal Response log no. 03-3277 dated Dec. 8, 2003.) According to the Second Level Appeal Response, the Fighting RVR and the documents relating to the Conspiracy RVR were appropriate for retention. (Id. at 4.) Petitioner filed an appeal to the Director's level on December 18, 2003. (Resp't Ex. 2, 602 appeal log no. 03-3277 dated Dec. 18, 2003.) On May 4, 2004, his appeal was denied at the Director's level. (Resp't Ex. 2, Director's Level Appeal Decision dated May 4, 2004.) While no relief was afforded to Petitioner at that time, the Chief Inmate Appeals Officer noted that the "confidential section of [Petitioner's] central file will be scheduled for an audit . . . ." (Id. at 2.) On May 17, 2004, the Chief Inmate Appeals Officer filed an addendum to the Director's Level Appeal Decision deeming Petitioner's appeal to be granted as to the documents relating to the Conspiracy RVR:

> On May 10, 2004, the confidential section of the appellant's central file was audited. Documentation was indeed discovered that related to an April 12, 1990 Rules Violation Report (RVR) for Conspiracy to fatally assault Another Inmate. As the RVR was dismissed, it was determined that the associated documentation should be expunged from the appellant's central file. Classification & Parole Representative (C&PR) C. Belshaw concurred with the examiner's finding and removed the documents from the appellant's file.

(Resp't Ex. 2, Addendum to Director's Level Appeal Decision dated May 17, 2004.) The addendum did not address the Fighting RVR, which was retained in his central file. (Id.)

5

On June 4, 2004, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on June 10, 2004. (Resp't Ex. 6, 7.) On June 18, 2004, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on September 1, 2004. (Resp't Ex. 8, 9.)

On October 5, 2004, Petitioner filed the present petition. He filed an amended petition on June 27, 2005. In his petition, he contends that the Fighting RVR is "inextricably linked" to the Conspiracy RVR. (Pet. at 5.) Petitioner states that he refused to waive his Miranda rights during his disciplinary hearing for the Fighting RVR. (Id. at 7.) Therefore, he "entered no plea and made no statement." (Id. at 5.) As a result, Petitioner submits that the Fighting RVR should be expunged from his central file because: (1) it impacts his liberty interests in parole and (2) it shares a common nucleus of operative facts with the dismissed Conspiracy RVR. (Id. at 7.)

The Court ordered Respondent to show cause why the petition should not be granted.

On August 14, 2006, Respondent filed a motion to dismiss on the ground that Petitioner had not exhausted his state court remedies because the case numbers of the state habeas petitions Petitioner provided did not address the claim in the present petition. Petitioner conceded that he had provided incorrect case numbers, and he identified the relevant state habeas petitions and administrative appeals. In an Order dated March 14, 2007, the Court denied Respondent's motion to dismiss and ordered Respondent to file an answer. However, in lieu of filing an answer,

6

Respondent filed the present motion to dismiss the petition as untimely.[1]

DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Prisoners challenging non-capital state convictions or sentences must file a petition within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

The AEDPA limitation period also applies when a prisoner is challenging an administrative decision such as the revocation of good time credit or denial of parole. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Shelby v. Bartlett, 391 F.3d 1061, 1063

---

[1] The Court finds unavailing Petitioner's argument that Respondent waived the right to file the present motion because the timeliness issue was not raised with the initial motion to dismiss the petition as unexhausted. Rule 5(b) of the Rules Governing Habeas Cases mandates that an answer to a federal habeas petition "state whether any claim in the petition is barred by . . . a procedural bar . . . or a statute of limitations." No answer has been filed in this action; therefore, Respondent has not waived the right to file the instant motion to dismiss.

7

(9th Cir. 2004). However, administrative decisions are not governed by section 2244(d)(1)(A) because the word "judgment" in that section refers to a judgment of conviction and sentence, and the phrase "direct review" refers to the direct appellate review of that judgment. <u>Id.</u> at 1081. Instead, administrative decisions are governed by section 2244(d)(1)(D).

Section 2244(d)(1)(D) states that the limitations period to file a federal habeas petition will begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." For administrative appeals, the "factual predicate," which causes the limitations period to run, is the denial of a prisoner's administrative appeal; it is not the denial of the state habeas petition. <u>See</u> <u>Shelby</u>, 391 F.3d at 1066.

Here, Petitioner is challenging the constitutionality of his administrative disciplinary hearing relating to his Fighting RVR on March 31, 1989. This date is arguably the date on which the factual predicate of his claim was discovered under § 2244(d)(1)(D). However, under <u>Shelby</u>, the limitations period begins to run the day after the prisoner receives timely notice of the denial of his administrative appeal challenging the disciplinary decision. <u>Id.</u> In the present case, Petitioner claims that he filed 602 appeals relating to the Fighting RVR in 1990 and 1991; however, there is nothing in the record that shows that any 602 appeals were submitted to prison officials during that time. The record shows that Petitioner filed a 602 appeal on January 26, 1998, approximately nine years after he was found guilty of the

8

Fighting RVR. After that 602 appeal was screened out as untimely on July 2, 1998, Petitioner did not pursue his appeal to higher levels. He filed another 602 appeal five years later, on October 22, 2003. He received the denial at the Director's level on December 18, 2003 -- a total of fifteen years after he was found guilty on his Fighting RVR. The Shelby court stated that allowing a person an unlimited time to challenge an administrative decision would contravene the finality principle on which the AEDPA is based. Id. at 1065. Accordingly, Shelby supports a finding that the limitations period began to run when Petitioner's time to file his administrative appeal expired. Pursuant to Title 15 of the California Code of Regulations, section 3084.6(c), Petitioner had until April 21, 1989 -- fifteen business days after he was found guilty -- to challenge his Fighting RVR. Because Petitioner did not file a 602 appeal before his fifteen-day time period expired, the limitations period began to run on April 22, 1989. Therefore, he had until April 22, 1990 to file his federal habeas petition. Petitioner did not file the present petition until October 5, 2004 -- fourteen years after the limitations period expired. Accordingly, the petition is untimely absent tolling.

I.    Statutory Tolling

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28

Fighting RVR. After that 602 appeal was screened out as untimely on July 2, 1998, Petitioner did not pursue his appeal to higher levels. He filed another 602 appeal five years later, on October 22, 2003. He received the denial at the Director's level on December 18, 2003 -- a total of fifteen years after he was found guilty on his Fighting RVR. The Shelby court stated that allowing a person an unlimited time to challenge an administrative decision would contravene the finality principle on which the AEDPA is based. Id. at 1065. Accordingly, Shelby supports a finding that the limitations period began to run when Petitioner's time to file his administrative appeal expired. Pursuant to Title 15 of the California Code of Regulations, section 3084.6(c), Petitioner had until April 21, 1989 -- fifteen business days after he was found guilty -- to challenge his Fighting RVR. Because Petitioner did not file a 602 appeal before his fifteen-day time period expired, the limitations period began to run on April 22, 1989. Therefore, he had until April 22, 1990 to file his federal habeas petition. Petitioner did not file the present petition until October 5, 2004 -- fourteen years after the limitations period expired. Accordingly, the petition is untimely absent tolling.

I.    Statutory Tolling

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28

U.S.C. § 2244 (d)(2)). Tolling applies to one full round of collateral review. Carey v. Saffold, 536 U.S. 214, 223 (2002). In Carey, the Supreme Court held that the limitations period is tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. Id. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25; accord Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (an application for collateral review is "pending" in state court for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application") (citation omitted), cert. denied, 529 U.S. 1104 (2000).[2] If there is an unreasonable delay between the different levels of collateral review, a petition will be viewed as untimely. See Evans v. Chavis, 546 U.S. 189, 197

---

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino, 183 F.3d at 1006 n.2. Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the California Court of Appeal. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition. Id. at 1006 n.3.

10

(2006). Otherwise, a petitioner "would have an unlimited [amount of] time in which to file [a] habeas petition, thus hindering the finality principle." Shelby, 391 F.3d at 1062 (brackets in original).

Here, the record shows that Petitioner completed one full round of state collateral review when he filed state habeas petitions in the California Court of Appeal and the California Supreme Court in 2004 -- fifteen years after he was found guilty of the Fighting RVR. The appellate court denied his petition on June 10, 2004, and the California Supreme Court did the same on September 1, 2004.

However, as mentioned above, the one-year limitations period had expired on April 22, 1990. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petitions filed in 2004 do not revive the limitations period that has already run.

While Petitioner did seek collateral review of his claim in

11

state court by filing petitions in the state superior, appellate and supreme courts from 1990 to 2004, the limitations period is not tolled because Petitioner's filing delays between state court petitions were unreasonable.  See Evans, 546 U.S. at 197. Petitioner fails to assert facts establishing that the limitations period should be tolled for approximately fourteen years. Accordingly, Petitioner has not alleged any facts suggesting that statutory tolling renders the petition timely.

Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period or equitable tolling.

II.  Delayed Commencement of the Limitations Period

Petitioner argues for a delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D). Petitioner alleges that he did not discover the factual predicate of the present petition until his Olsen review on December 27, 2002.  He claims that it was at that time that he discovered that his Fighting RVR and documents related to his Conspiracy RVR were still in his central file.  (Resp't Ex. 6, 602 appeal dated Jan. 2, 2003.)  As a result, Petitioner claims that the commencement of the limitations period should be delayed until May 17, 2004 -- the date he received the Addendum to the Director's level decision -- because that was when he exhausted his 602 appeal log number 03-3277 relating to the expungement of his Fighting RVR and documents

12

related to his Conspiracy RVR.

However, the factual predicate of Petitioner's claim could have been discovered "through the exercise of due diligence" prior to December 27, 2002. 28 U.S.C. § 2244(d)(1)(D). Petitioner claims that as early as 1990 he began filing 602 appeals requesting the expungement of his Fighting RVR, but that he received no response. In addition, he knew of the factual predicate of his claim in June, 1998 when he wrote a letter to the warden requesting that the Fighting RVR and documents relating to the Conspiracy RVR be expunged from his file. Moreover, he had the opportunity to discover the factual predicate of his claim prior to the December 27, 2002 because he conducted <u>Olsen</u> reviews on March 1, 1989, December 2, 1991, and May 8, 1996.

Even if Petitioner was aware that the Fighting RVR and the documents relating to the Conspiracy RVR were still in his central file but failed to recognize the possible future implications of those items, his federal habeas petition is untimely. <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 (9th Cir. 2001). A prisoner knows of the factual predicate of a claim "when . . . he knows (or through the diligence could discover) the important facts, not when the prisoner recognizes their legal significance." <u>Id.</u> (citing <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000)). Therefore, Petitioner is not entitled to a delayed commencement of the limitations period. Accordingly, his federal habeas is untimely, unless equitable tolling applies.

III. Equitable Tolling

The one-year limitations period can be equitably tolled

13

because § 2244(d) is a statute of limitation and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted)(brackets in original). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

Although Petitioner does not state expressly in his opposition to the motion to dismiss that he is entitled to equitable tolling, he does discuss the doctrine, indicating his awareness and understanding of it. (Opp'n at 6.) The Court finds that it would be futile to provide him leave to amend to allege equitable tolling. All the relevant facts are presented in detail in the

record.  Based on a thorough review of those facts, the Court concludes that nothing suggests the possibility of equitable tolling.  Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances which were beyond his control and which made it impossible to file a timely federal petition.  It was Petitioner's delay in pursuing his state court and administrative remedies, rather than extraordinary circumstances, that led him to exceed the limitations period.  See Miranda, 292 F.3d at 1065.  The limitations period will not be equitably tolled.

Accordingly, the petition is dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 16) is GRANTED.  The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions, and close the file.

This Order terminates Docket no. 16.

IT IS SO ORDERED.

DATED:   3/17/08

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LIEBB,

        Plaintiff,

  v.

BROWN et al,

        Defendant.

Case Number: CV04-04214 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Denise Alayne Yates
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Stephen Liebb C-60825
San Quentin State Prison
San Quentin, CA 94974

Dated: March 17, 2008

                        Richard W. Wieking, Clerk
                        By: Sheilah Cahill, Deputy Clerk